IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNIFER BOONE and SHAWNEE FREEMAN,        PLAINTIFFS
Each Individually and on Behalf of all Others
Similarly Situated

vs.        Case No. 4:18-cv-00499-KGB

ANTONIO SOSA d/b/a PEG LEG RESTAURANT        DEFENDANT

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS

Plaintiffs Jennifer Boone and Shawnee Freeman and Defendant, Antonio Sosa d/b/a Peg Leg Restaurant, by and through their undersigned counsel, jointly submit the following Motion to Dismiss with Prejudice and For Approval of Settlement Agreement:

1. Plaintiffs initiated this action on July 31, 2018. *See* ECF No. 1. Plaintiffs' Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq., and was filed as a collective action. *Id*. Plaintiffs alleged that Defendant operated an invalid tip pool, which resulted in minimum wage violations. *Id.*

2. Defendant disputes that Plaintiffs or others were not compensated for all hours worked, thereby creating a bona fide dispute as to wages owed. Defendant specifically disputes that it operated an invalid tip pool or failed to pay its employees for all hours worked in accordance with applicable law.

3. On January 18, 2019, Plaintiff filed a Motion for Conditional Certification in this matter, which was granted. *See* ECF Nos. 10–11, 14, 20. Following the opt-in period, no additional individuals asserted similar claims against Defendant.

1

4. The parties engaged in informal discovery regarding Plaintiffs' time records, compensation, and issues related to the underlying merits of the claims and defenses in the case.

5. Following extensive negotiations between counsel, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) for Plaintiffs resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

6. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the

sharing of time and pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiffs have specifically considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. Using the documents provided in informal discovery, Plaintiffs' counsel compiled a spreadsheet which calculated each Plaintiff's damages if the allegations in the Complaint were construed in their favor. Under the terms of the Settlement Agreement, Plaintiffs are receiving 100% of their calculated damages for minimum wage violations, including liquidated damages.

9. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached an amicable resolution as to all Plaintiffs' claims. The attorneys' fees agreed upon by the parties were negotiated at arms' length, separately, and without regard to Plaintiffs' claims. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require

approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Accordingly, the parties do not seek approval of this portion of their settlement. Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

10. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

    Respectfully Submitted,

Josh Sanford (ABA No. 2001037)
Daniel Ford (ABA No. 2014162)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, AR   72211
josh@sanfordlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

Gregory J. Northen (ABA No. 2011181)
Alexander D. Clark (ADA No. 2017112)
**CROSS, GUNTER, WITHERSPOON**
  **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
mduke@cgwg.com
gnorthen@cgwg.com
**ATTORNEYS FOR DEFENDANT**