**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JENNIFER BOONE, *et al.*                                                                    PLAINTIFF

v.                                         **Case No. 4:18-cv-00499 KGB**

ANTONIO SOSA d/b/a PEG LEG RESTAURANT                                    DEFENDANT

## ORDER

Plaintiffs Jennifer Boone and Shawnee Freeman filed this action asserting claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* Before the Court is the parties' joint motion to approve settlement and dismiss (Dkt. No. 29). The parties now request that the Court approve the settlement. Attached to the motion as Exhibit A is a stipulation of settlement agreement and release ("settlement agreement") (Dkt. No. 29-1, Exhibit A).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is

> reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In their joint motion, the parties address the award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b). The parties represent that: "The attorneys' fees agreed upon by the parties were negotiated at arms' length separately, and without regard to Plaintiffs' claims." (Dkt. No. 29, at 3). The Court observes that the settlement agreement includes provisions addressing attorneys' fees including amounts; no party before the Court objects to the agreement. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019).

Having reviewed the settlement agreement, the Court determines that the settlement agreement both provides plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion to approve settlement and dismiss (Dkt. No. 29), and the Court approves the settlement agreement (Dkt. No. 29-1).

The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the agreement. The Court retains exclusive jurisdiction over the performance and enforcement of the settlement agreement and this Order.

It is so ordered this the 15th day of September, 2021.

Kristine G. Baker
United States District Judge